UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-23597-RAR

**NEALON LENNOX HYPOLITE**,

    Petitioner,

v.

**GARRETT RIPA, DIRECTOR OF
MIAMI ICE FIELD OFFICE**,

    Respondent.
_____/

## ORDER DISMISSING PETITION

**THIS CAUSE** comes before the Court on Respondent's "Motion to Dismiss for Mootness Due to Petitioner's Release from Custody." *See* Motion to Dismiss ("Mot.") [ECF No. 6]. Petitioner, a detainee in the custody of Immigration and Customs Enforcement ("ICE"), has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that he has been in custody since June 10, 2021, and that his detention is no longer "presumptively reasonable" as defined by *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* Petition ("Pet.") [ECF No. 1] at 6. Respondent now argues that the Petition is moot since Petitioner was released from ICE custody on November 15, 2022. Mot. at 1.

Federal courts only have subject matter jurisdiction over "cases or controversies." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing U.S. CONST. art. III, § 2). If the issues presented in a suit "are no longer 'live' or the parties lack a legally cognizable interest in the outcome" then the case is moot and can no longer "be characterized as an active case or controversy." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335–36 (11th Cir. 2001) (internal citations omitted). Respondent argues that this case has become moot since "there is no injury to redress because Petitioner was released

from custody." Mot. at 2. As proof, Respondent has attached an "Order of Supervision" issued by ICE showing that Petitioner has been released to an address in Indiana and commanding Petitioner to follow certain conditions while on release. *See* Order of Supervision [ECF No. 6-1] at 1–5.

The Court agrees with Respondent, with one small caveat. Petitioner specifically and exclusively challenged his detention in ICE custody under the auspices of *Zadvydas*. *See* Pet. at 6 ("My detention is prolonged and indefinite. I have been detained post-order of removal since June 10, 2021 . . . . I am detained well past the 90 day statutory period and well past the 6 month presumptively reasonable period set forth in *Zadvydas v. Davis*, with no foreseeable end in sight."). Since Petitioner has been "released from ICE custody pending removal from the United States[,] his petition for habeas relief under *Zadvydas* is moot." *Ismaila v. Dep't of Homeland Sec.*, No. 09-0184, 2009 WL 1635781, at *2 (S.D. Ala. June 9, 2009) (internal quotation omitted); *see also Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022) ("Here, Djadju has asked the federal courts for only one form of relief: to be immediately released from custody as a result of his 'ongoing prolonged detention.' Since Djadju already has been released from custody, his prayer for relief has been satisfied."). Accordingly, Petitioner's freedom of movement continues to be restricted by ICE's Order of Supervision, meaning that this Court would still have jurisdiction to consider a § 2241 petition if Petitioner challenged the individual release conditions imposed by ICE. *See Alvarez v. Holder*, 454 F. App'x 769, 773 (11th Cir. 2011). That said, since "Petitioner does not challenge the terms of the Order of Supervision. . . . [T]here is no relief that the Court could award"—and therefore, the Petition is indeed moot since Petitioner has already been granted the relief he requested. *Hyacinthe v. McAleenan*, No. 19-cv-21682, 2019 WL 3944442, at *3 (S.D. Fla. Aug. 21, 2019).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition for Writ of Habeas Corpus [ECF No. 1] is **DISMISSED as moot**. All pending motions are **DENIED as moot** and all deadlines are **TERMINATED**. The Clerk is instructed to **CLOSE** the case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 17th day of November, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of record

   Nealon Lennox Hypolite
   A# 034-340-162
   Krome Service Processing Center
   Inmate Mail/Parcels
   18201 SW 12th Street
   Miami, FL 33194
   PRO SE

   4006 South A Street
   Richmond, IN 47374[1]

---

[1] The ICE Order of Supervision indicates that Petitioner is now residing at this address in Indiana. *See* Order of Supervision [ECF No. 6-1] at 2. The Clerk is hereby **DIRECTED** to mail a copy of this Order to this Indiana address and the address Petitioner has on file with the Court.